UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CIVIL ACTION NO. 5:21-cv-00379-D

| | |
|---|---|
| CHARLES MITCHELL and ROBERT H. MITCHELL<br><br>        Plaintiffs,<br><br>v.<br><br>GRAINCOMM II, LLC; GLOBAL SIGNAL ACQUISITIONS, LLC; SPRINTCOM INC.; CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS; BELL ATLANTIC MOBILE SYSTEMS, LLC; GTE WIRELESS INC.; PCS NUCLEUS, L.P.; and JV PARTNERCO, LLC,<br><br>        Defendants. | **DEFENDANT SPRINTCOM INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' VERIFIED COMPLAINT** |

Defendant SprintCom, Inc. ("SprintCom" or "Defendant"), by and through undersigned counsel, respectfully submits its Answer and Affirmative Defenses to the Verified Complaint filed by Plaintiffs Charles Mitchell and Robert H. Mitchell. SprintCom denies that Plaintiffs are entitled to judgment in their favor or for any relief whatsoever, including the relief requested in Paragraphs 1 through 8 of Plaintiffs' prayer for relief. To the extent not expressly admitted, all allegations in the Verified Complaint are denied.

## PREAMBLE

SprintCom expressly reserves the right to amend (or seek leave to amend) its answer in order to modify and/or assert all claims, defenses, counterclaims, and third-party defenses permitted by law.

To the extent the headings and subheadings in the Amended Complaint constitute factual allegations, SprintCom denies the allegations insofar as they relate to SprintCom.

## ANSWERING NATURE OF THIS ACTION

1. SprintCom admits only that Plaintiffs have filed an action against SprintCom and other defendants. SprintCom denies that any group pleading is proper. The remaining allegations in Paragraph 1 are not directed at SprintCom and no response is required. To the extent a response is required, Paragraph 1 is denied.

2. SprintCom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Verified Complaint and, accordingly, denies such allegations.

3. The allegations in Paragraph 3 directed to SprintCom are denied. SprintCom lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 that are directed to the other defendants and, accordingly, denies such allegations.

4. The allegations in Paragraph 4 directed to SprintCom are denied. SprintCom lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 that are directed to the other defendants and, accordingly, denies such allegations.

5. Paragraph 5 is not directed at SprintCom and no response is required. To the extent a response is required, SprintCom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the Verified Complaint, and, accordingly, denies such allegations.

6. Paragraph 6 is not directed at SprintCom and no response is required. To the extent a response is required, Paragraph 6 is denied.

## ANSWERING PARTIES AND JURISDICTION

7.  SprintCom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Verified Complaint, and on that basis, denies such allegations.

8.  SprintCom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Verified Complaint, and on that basis, denies such allegations.

9.  SprintCom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Verified Complaint, and on that basis, denies such allegations.  Further answering, SprintCom states that Exhibit A speaks for itself, and denies any allegations inconsistent therewith.

10. SprintCom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Verified Complaint, and on that basis, denies such allegations.

11. SprintCom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 of the Verified Complaint, and on that basis, denies such allegations.

12. SprintCom admits the allegations of Paragraph 12.

13. SprintCom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13 of the Verified Complaint, and on that basis, denies such allegations.

14. SprintCom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Verified Complaint, and on that basis, denies such allegations.

15. SprintCom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Verified Complaint, and on that basis, denies such allegations.

16. SprintCom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the Verified Complaint, and on that basis, denies such allegations.

17. SprintCom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 of the Verified Complaint, and on that basis, denies such allegations.

18. SprintCom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the Verified Complaint, and on that basis, denies such allegations.

19. Paragraph 19 consists of legal conclusions to which no answer is required. To the extent a response is required, SprintCom denies such allegations. SprintCom admits only that venue is proper in this judicial district.

20. SprintCom admits that the amount in controversy alleged by Plaintiffs exceeds $25,000. SprintCom denies that Plaintiffs are entitled to that or any other relief.

## ANSWERING FACTS

21. SprintCom realleges and incorporates herein by reference its responses to Paragraphs 1 through 20.

22. SprintCom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 of the Verified Complaint, and on that basis, denies such allegations.

23. Paragraph 23 is directed at a party other than SprintCom, and SprintCom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of the Verified Complaint. On that basis, SprintCom denies the allegation of Paragraph 23. Further answering, SprintCom states that Exhibit B speaks for itself, and SprintCom denies any allegations inconsistent therewith.

24. Paragraph 24 is directed at a party other than SprintCom, and SprintCom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 of the Verified Complaint. On that basis, SprintCom denies the allegation of Paragraph 24.

25. Paragraph 25 is directed at a party other than SprintCom, and SprintCom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25 of the Verified Complaint. On that basis, SprintCom denies the allegation of Paragraph 25. Further answering, SprintCom states that Exhibit C speaks for itself, and SprintCom denies any allegations inconsistent therewith.

26. Paragraph 26 is directed at a party other than SprintCom, and SprintCom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26.

27. SprintCom admits it entered into a site agreement with Plaintiffs, Lisa F. Mitchell, and Linda A. Mitchell on or about June 21, 2004. SprintCom further responds that the site agreement speaks for itself and SprintCom expressly denies any interpretation of the site

agreement contained herein that is inconsistent with the express terms of the site agreement. SprintCom denies that Exhibit E depicts or refers to an agreement between Plaintiffs, Lisa F. Mitchell, and Linda A. Mitchell, on the one hand, and SprintCom on the other. Further answering, SprintCom states that Exhibit D and Exhibit E speak for themselves, and SprintCom denies any allegations inconsistent therewith.

28. SprintCom admits that it constructed its facility in accordance with its site lease agreements. SprintCom denies any and all remaining allegations of Paragraph 28.

29. Paragraph 29 is directed at a party other than SprintCom, and SprintCom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 of the Verified Complaint. On that basis, SprintCom denies the allegation of Paragraph 29. Further answering, SprintCom states that Exhibit F speaks for itself, and SprintCom denies any allegations inconsistent therewith.

30. Paragraph 30 is directed at a party other than SprintCom, and SprintCom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 of the Verified Complaint. On that basis, SprintCom denies the allegations of Paragraph 30. Further answering, SprintCom states that Exhibit G speaks for itself, and SprintCom denies any allegations inconsistent therewith.

31. SprintCom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 of the Verified Complaint, and on that basis, denies such allegations.

32. Paragraph 32 is directed at a party other than SprintCom, and SprintCom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of

Paragraph 32 of the Verified Complaint. On that basis, SprintCom denies the allegations of Paragraph 32.

33. The allegations of Paragraph 33 contain purported statements and/or conclusions of law for which no response is required. To the extent a response is required, SprintCom denies the allegations of Paragraph 33.

34. The allegations in Paragraph 34 are directed at a party other than SprintCom, and SprintCom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34, and on that basis denies such allegation. Further answering, the second sentence of Paragraph 34 contains a purported statement and/or conclusion of law for which no response is required. To the extent a response is required, SprintCom denies the second sentence of Paragraph 34.

35. Paragraph 35 is directed at a party other than SprintCom, and SprintCom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35 of the Verified Complaint. On that basis, SprintCom denies the allegations of Paragraph 35.

36. Paragraph 36 is directed at a party other than SprintCom, and SprintCom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36 of the Verified Complaint. On that basis, SprintCom denies the allegations of Paragraph 36.

37. Paragraph 37 is directed at a party other than SprintCom, and SprintCom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37 of the Verified Complaint. On that basis, SprintCom denies the allegations of

Paragraph 37. Further answering, SprintCom states that Exhibit H speaks for itself, and SprintCom denies any allegations inconsistent therewith.

38. Paragraph 38 is directed at a party other than SprintCom, and SprintCom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 38 of the Verified Complaint. On that basis, SprintCom denies the allegations of Paragraph 38. Further answering, SprintCom states that Exhibit I speaks for itself, and SprintCom denies any allegations inconsistent therewith.

39. SprintCom denies the allegation of Paragraph 39 that "the utility lines owned and installed by the Utility Defendants were placed outside of the Ten-Foot Utility Easement and informed these Defendants of their belief." SprintCom lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations. On that basis, SprintCom denies any and all remaining allegations of Paragraph 39.

40. Paragraph 40 is directed at a party other than SprintCom, and SprintCom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40 of the Verified Complaint. On that basis, SprintCom denies the allegations of Paragraph 40.

41. Paragraph 41 is directed at a party other than SprintCom, and SprintCom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 41 of the Verified Complaint. On that basis, SprintCom denies the allegations of Paragraph 41.

42. Paragraph 42 is directed at a party other than SprintCom, and SprintCom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of

Paragraph 42 of the Verified Complaint. On that basis, SprintCom denies the allegations of Paragraph 42.

43. SprintCom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43. On that basis, SprintCom denies the allegations of Paragraph 43.

44. SprintCom denies that it or its contractors engaged in any conduct alleged in Paragraph 44. To the extent the allegations of Paragraph 44 are directed at other parties, SprintCom lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 44, and on that basis, SprintCom denies the allegations. SprintCom denies any and all remaining allegations of Paragraph 44.

45. SprintCom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45 of the Verified Complaint. On that basis, SprintCom denies the allegations of Paragraph 45.

46. SprintCom denies that its employees and/or contractors engaged in any conduct alleged in Paragraph 46. To the extent the allegations of Paragraph 46 are directed at other parties, SprintCom lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 46, and on that basis, SprintCom denies the allegations.

47. SprintCom denies that Plaintiff Charles told its employees and/or contractors to stop work immediately until the waterline was restored. The remaining allegations of Paragraph 47 are directed at a party other than SprintCom, and SprintCom lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 47. On that basis, SprintCom denies the remaining allegations of Paragraph 47.

48. SprintCom denies that its employees and/or contractors engaged in any conduct alleged in Paragraph 48. To the extent the allegations of Paragraph 48 are directed at other parties, SprintCom lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 48, and on that basis, SprintCom denies the allegations. SprintCom denies any and all remaining allegations of Paragraph 48.

49. SprintCom denies that its employees and/or contractors engaged in any conduct alleged in Paragraph 49. To the extent the allegations of Paragraph 49 are directed at other parties, SprintCom lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 49, and on that basis, SprintCom denies the allegations. SprintCom denies any and all remaining allegations of Paragraph 49.

50. SprintCom denies the allegations in Paragraph 50 with respect to SprintCom. To the extent the allegations in Paragraph 50 are directed at other parties, SprintCom lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 50, and on that basis, SprintCom denies the allegations.

51. SprintCom denies the allegations in Paragraph 51 with respect to SprintCom. To the extent the allegations in Paragraph 51 are directed at other parties, SprintCom lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 51, and on that basis, SprintCom denies the allegations.

52. SprintCom denies the allegations of Paragraph 52 with respect to SprintCom. To the extent the allegations of Paragraph 52 are directed at other parties, SprintCom lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 52, and on that basis, SprintCom denies the allegations.

53. SprintCom denies the allegations of Paragraph 53 with respect to SprintCom. To the extent the allegations of Paragraph 53 are directed at other parties, SprintCom lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 53, and on that basis, SprintCom denies the allegations.

## ANSWERING FIRST CLAIM FOR RELIEF
### (Trespass)

54. SprintCom realleges and incorporates herein by reference its responses to Paragraphs 1 through 53.

55. SprintCom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 55 of the Verified Complaint. On that basis, SprintCom denies the allegations of Paragraph 55.

56. SprintCom denies the allegations of Paragraph 56 that are directed to SprintCom. To the extent the allegations of Paragraph 56 are directed at other parties, SprintCom lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 56, and on that basis, SprintCom denies the allegations.

57. SprintCom denies the allegations of Paragraph 57 that are directed to SprintCom. To the extent the allegations of Paragraph 57 are directed at other parties, SprintCom lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 57, and on that basis, SprintCom denies the allegations.

58. SprintCom denies the allegations of Paragraph 58 that are directed to SprintCom. To the extent the allegations of Paragraph 58 are directed at other parties, SprintCom lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 58, and on that basis, SprintCom denies the allegations.

59. SprintCom denies the allegations of Paragraph 59 that are directed to SprintCom. To the extent the allegations of Paragraph 59 are directed at other parties, SprintCom lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 59, and on that basis, SprintCom denies the allegations.

60. SprintCom denies the allegations of Paragraph 60 that are directed to SprintCom. To the extent the allegations of Paragraph 60 are directed at other parties, SprintCom lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 60, and on that basis, SprintCom denies the allegations.

61. Paragraph 61 is directed at a party other than SprintCom, and SprintCom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 61 of the Verified Complaint. On that basis, SprintCom denies the allegations of Paragraph 61.

### ANSWERING SECOND CLAIM FOR RELIEF
**(Declaratory Judgment to Quiet Title)**

62. SprintCom realleges and incorporates herein by reference its responses to Paragraphs 1 through 61.

63. SprintCom denies the allegations of Paragraph 63 that are directed to SprintCom. To the extent the allegations of Paragraph 63 are directed at other parties, SprintCom lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 63, and on that basis, SprintCom denies the allegations.

64. SprintCom denies the allegations of Paragraph 64 that are directed to SprintCom. To the extent the allegations of Paragraph 64 are directed at other parties, SprintCom lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 64, and on that basis, SprintCom denies the allegations.

65. SprintCom denies the allegations of Paragraph 65 that are directed to SprintCom. To the extent the allegations of Paragraph 65 are directed at other parties, SprintCom lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 65, and on that basis, SprintCom denies the allegations.

**ANSWERING THIRD CLAIM FOR RELIEF**
**(Unfair and Deceptive Trade Practice Violation Against Defendant Global)**

66. SprintCom realleges and incorporates herein by reference its responses to Paragraphs 1 through 65.

67. Paragraph 67 is directed at a party other than SprintCom, and SprintCom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 67 of the Verified Complaint. On that basis, SprintCom denies the allegations of Paragraph 67.

68. The allegations of Paragraph 68 contain purported statements and/or conclusions of law for which no response is required. To the extent a response a required, Paragraph 68 is directed at a party other than SprintCom, and SprintCom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 68 of the Verified Complaint. On that basis, SprintCom denies the allegations of Paragraph 68.

69. Paragraph 69 is directed at a party other than SprintCom, and SprintCom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 69 of the Verified Complaint. On that basis, SprintCom denies the allegations of Paragraph 69.

70. Paragraph 70 is directed at a party other than SprintCom, and SprintCom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of

Paragraph 70 of the Verified Complaint. On that basis, SprintCom denies the allegations of Paragraph 70.

71. Paragraph 71 is directed at a party other than SprintCom, and SprintCom lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 71 of the Verified Complaint. On that basis, SprintCom denies the allegations of Paragraph 71.

WHEREFORE, SprintCom respectfully requests that the Court enter judgment in its favor and against Plaintiffs on all counts.

**ANSWERING PRAYER FOR RELIEF**

SprintCom denies that Plaintiffs are entitled to any of the relief sought in their Prayer for Relief, including all relief requested in Paragraphs 1 through 8 of Plaintiffs' Prayer for Relief.

**AFFIRMATIVE DEFENSES**

Without assuming any burden of proof, persuasion, or production not otherwise legally assigned to it as to any element of Plaintiffs' claims,[1] SprintCom asserts the affirmative and other defenses set forth below. SprintCom expressly reserves the right to amend and supplement its defenses as may be necessary and as discovery indicates may be appropriate.

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

SprintCom was not the proximate cause of any alleged harm or damage to Plaintiffs.

---

[1] SprintCom does not intend to suggest that matters designated herein as defenses are not elements of Plaintiffs' prima facie case on any of Plaintiffs' purported claims, or are not matters as to which Plaintiffs bear the burden of proof.

## THIRD AFFIRMATIVE DEFENSE

SprintCom's entrance upon Plaintiffs' property was lawful and/or under legal right.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs consented to SprintCom's entrance upon Plaintiff's property.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs failed to provide notice to SprintCom of the conduct alleged in the Complaint prior to filing suit.

This the 18th day of October, 2021.

**K&L GATES LLP**

By: /s/Ryan C. Grover
Ryan C. Grover
North Carolina State Bar No. 53703
K&L Gates LLP
300 South Tryon St.
Suite 1000
Charlotte, NC 28202
Telephone: (704) 331-7534
Facsimile: (704) 331-7598
E-mail: ryan.grover@klgates.com
*Local Civil Rule 83.1(d) Counsel for Defendant SprintCom Inc.*

Loly G. Tor
K&L Gates LLP
One Newark Center, 10th Fl.
Newark, NJ 07102
Telephone: (973) 848-4026
Facsimile: (973) 848-4001
E-mail: loly.tor@klgates.com
*Attorney for Defendant SprintCom Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 18th day of October, 2021, a copy of the foregoing was filed in accordance with the local rules and was therefore served electronically on those entities that have properly registered for such electronic service.

**K&L GATES LLP**

By:/s/Ryan C. Grover
Ryan C. Grover
North Carolina State Bar No. 53703
K&L Gates LLP
300 South Tryon St.
Suite 1000
Charlotte, NC 28202
Telephone:  (704) 331-7534
Facsimile:  (704) 331-7598
E-mail:  ryan.grover@klgates.com
*Attorney for Defendant SprintCom Inc.*